UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTOPHER CHARLES A.,

          Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

Case No. C19-5914-MLP

ORDER

## I.     INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred in evaluating the medical opinion evidence. (Dkt. # 8.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.     BACKGROUND

Plaintiff was born in 1988, has a high school education, and has worked as a sales clerk for Target and as a scheduler for a paratransit service. AR at 230, 244.

On April 11, 2017, Plaintiff applied for benefits, alleging disability as of December 1, 2007.[1] AR at 15. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* After the ALJ conducted a hearing on August 14, 2018, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 15-29. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. *Id.* at 1-5. Plaintiff appealed the final decision of the Commissioner to this Court.

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v.*

---

[1] Plaintiff's previous applications for benefits were denied in September 2013 and January 2017. AR at 39, 47, 230-31. Because the latest ALJ decision was not subject to reopening, Plaintiff amended his alleged onset date at the hearing to April 11, 2017, the date of his application. *Id.*

1  *Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one

2  rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

3  ### IV.    DISCUSSION

4  **A.    The ALJ Did Not Err in Evaluating the Medical Opinion Evidence**

5  *1.    Legal Standards*

6  The regulations regarding evaluation of medical evidence have been amended and several

7  of the prior Social Security Rulings, including SSR 96-2p, have been rescinded for claims

8  protectively filed after March 27, 2017. The new regulations provide the Commissioner "will no

9  longer give any specific evidentiary weight to medical opinions; this includes giving controlling

10  weight to any medical opinion." *Revisions to Rules Regarding the Evaluation of Medical*

11  *Evidence* (*Revisions to Rules*), 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68 (Jan. 18, 2017).

12  *See* 20 C.F.R. §§ 404.1520c (a), 416.920c(a). Instead the Commissioner must consider all

13  medical opinions and "evaluate their persuasiveness" based on "supportability" and

14  "consistency" using the factors specified in the regulations. 20 C.F.R. §§ 404.1520c(c),

15  416.920c(c). In addition to "supportability," and "consistency," the factors also include

16  "relationship with the claimant," "specialization," and "other factors." *Id.* "Supportability" and

17  "consistency" are considered to be "the most important factors" in the evaluation process. *Id. See*

18  *also Revisions to Rules*, 82 Fed. Reg. 5844.

19  Although the regulations eliminate the "physician hierarchy," deference to specific

20  medical opinions, and assigning "weight" to a medical opinion, the ALJ must still "articulate

21  how [he/she] considered the medical opinions" and "how persuasive [he/she] find[s] all of the

22  medical opinions." 20 C.F.R. §§ 404.1520c(a) and (b) (1), 416.920c(a) and (b) (1). The ALJ is

23  specifically required to "explain how [he/she] considered the supportability and consistency

factors" for a medical opinion. 20 C.F.R. §§ 404.1520c(b) (2), 416.920c(b) (2). Because Plaintiff filed his application for benefits in April 2017, the revised regulations apply. Accordingly, the Court evaluates whether the ALJ properly considered the factors as set forth in the regulations to determine the persuasiveness of a medical opinion.

### 2. *Dr. Neims and Dr. Carstens*

In March 2017, Dr. Neims conducted a psychological evaluation of Plaintiff. AR at 501-20. Dr. Neims opined Plaintiff had marked limitations in his ability to make work-related decisions, set realistic goals, and plan independently. *Id.* at 501-02. Dr. Neims also opined Plaintiff exhibited inconsistently sustained concentration, fair to borderline abstract thought, and insight and judgment complicated by anxious avoidance. *Id.* at 504. Department of Social and Health Services consulting psychologist Dr. Carstens reviewed the medical evidence and agreed with Dr. Neims assessment of Plaintiff, with the exception that Dr. Carstens thought Plaintiff's impairments would have a duration of 24 months rather than 12 months. *Id.* 521-24.

The ALJ found Drs. Neims and Carstens' opinions minimally persuasive. AR at 27. The ALJ discounted these opinions because she found Plaintiff's reports of psychological issues during his evaluation with Dr. Neims were notably inconsistent with his concurrent treatment records. AR at 28. The ALJ found that Plaintiff exhibited restricted affect, friendly and cooperative behavior, word finding difficulties, unimpaired memory, normal though process, and borderline judgment. *Id.* The ALJ further found Plaintiff routinely displayed normal affect, normal speech, and adequate judgment in treatment settings. *Id.* (citing AR at 331, 366, 372, 378-79, 553, 567-72, 578-80, 586-91, 668, 677, 685, 691, 696, 700, 712-13). The ALJ concluded this evidence did not support Dr. Neims's range of opinions. *Id.*

Plaintiff cites to *Buck v. Berryhill*, 869 F.3d 1040 (9th Cir. 2017) to challenge the ALJ's finding that Plaintiff's self-reports about his impairments were inconsistent with the record, arguing clinical interviews and Mental Status Exam findings are objective medical evidence that cannot be dismissed as self-reports. (Dkt. # 8 at 3.) Plaintiff's argument is misplaced as it ignores the ALJ's reasoning that the mostly unremarkable objective medical evidence in the record does not support Drs. Neims or Carstens' opinions regarding the severity of Plaintiff's symptoms. Inconsistency with the majority of objective evidence is a specific and legitimate reason for rejecting physician's opinions. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Therefore, even if the ALJ's reference to Plaintiff's self-reports was error, it was harmless given the other sufficient reasons provided to discount their opinions. *See Carmickle v. Comm'r of Social Sec. Admin*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

Plaintiff also takes issue with the ALJ's phrasing that Dr. Neims had a "wide range of opinions" because Dr. Neims only offered two opinions that conflict with the ALJ's step two finding and RFC determination. (Dkt. # 8 at 3-4.) Plaintiff further asserts Dr. Neims's findings that Plaintiff had deficits in speech, attitude, behavior, mood, affect, thought process, fund of knowledge, concentration, abstract thought, and insight and judgment support Dr. Neims's opinion. (*Id.* at 4 (citing Dr. Neims's opinion).) Plaintiff's argument merely requests the Court reweigh the evidence and find an alternative interpretation more favorable to Plaintiff, which the Court declines to do. *Thomas*, 278 F.3d at 954. Because the ALJ's interpretation of the evidence was rational it must be upheld. *Id.*

The ALJ also found Drs. Neims and Carstens' opinions were not accurate in light of Plaintiff's normal concentration and activities of daily living, which the ALJ previously discussed included playing video games (AR at 25 (citing *id.* at 399), an exercise regimen

including regularly riding his bicycle (*id.* (citing *id.* at 366)), woodworking (*id.* (citing *id.* at 368)), playing Pokémon Go ((*id.* (citing *id.* at 376)), drawing and painting (*id.* (citing *id.* at 505)), and doing household chores ((*id.* (citing *id.* at 505)). *Id.* at 28. An ALJ may discount a medical source opinion to the extent it conflicts with the claimant's daily activities. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999).

Here, the ALJ discussed Drs. Neims and Carstens' opinions and found them to be inconsistent with the record. The ALJ further determined the medical evidence did not support the opinions and that other psychological assessments were more persuasive based on the longitudinal evidence. The ALJ properly considered the factors set forth in the revised regulations and provided specific and legitimate reasons, supported by substantial evidence, for rejecting these opinions. Accordingly, the ALJ did not err in evaluating the medical evidence.[2]

## V.    CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 26th day of February, 2020.

_____
MICHELLE L. PETERSON
United States Magistrate Judge

---

[2] Plaintiff also argues the ALJ's RFC assessment did not include the limitations opined by Drs. Neims and Carstens with regard to workplace limitations. (Dkt. # 8 at 4.) Plaintiff asserts he was therefore prejudiced by the ALJ's adverse step 5 finding that he is not disabled. (*Id.*) In doing so, Plaintiff only reiterates his arguments regarding the ALJ's evaluation of these medical opinions, which have already been rejected.